# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 26- |
| v. | : | DATE FILED: _____ |
| JACOB BOGATIN | : | VIOLATIONS:<br>18 U.S.C. § 641 (theft of government |
| | : | money – 4 counts)<br>Notice of forfeiture |

## INFORMATION

## COUNT ONE

**THE UNITED STATES ATTORNEY CHARGES THAT**:

At all times material to this information:

1.      Defendant JACOB BOGATIN was a United States citizen, with a last known address in Richboro, Pennsylvania.

## THE SMALL BUSINESS ADMINISTRATION

2.      The United States Small Business Administration (the "SBA") was an executive branch agency of the United States government that provided support to entrepreneurs and small businesses.  The mission of the SBA was to maintain and strengthen the nation's economy in a variety of ways, including by fostering the establishment and viability of small businesses and aiding in their economic recovery after community disasters. As part of its efforts, the SBA provided for business loans through banks, credit unions, and other lenders. Those loans had government-backed guarantees.

## EIDL PROGRAM

3.      On March 27, 2020, the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act") (Pub. L. 116-136) became law and provided emergency assistance for

individuals, families, and businesses affected by the coronavirus pandemic. The CARES Act provided multiple programs for businesses including the Economic Injury Disaster Loan ("EIDL") program. The EIDL program provided low-rate emergency loan options for struggling businesses for amounts up to $500,000. This program was administered by the SBA. Applications for the EIDL program were made through an online SBA portal.

4. As part of the EIDL application progress, an applicant was required to submit information about the applicant's business. This information included, among other categories, the organization type of the business, gross revenues for the twelve months preceding January 31, 2020, cost of goods sold for the twelve months preceding January 31, 2020, and the number of employees working at the business.

5. As part of the application, an applicant could also request an emergency advance of $10,000. The SBA paid this emergency advance within three days of the applicant submitting the information. To receive this advance and/or the ultimate loan, the applicant was required to enter bank account information for the account into which the advance funds and/or loan would be deposited.

6. Before an applicant could submit the application, the applicant was required to certify, under the penalty of perjury and laws of the United States, that the information on the application was true and correct.

7. On or about May 14, 2020, defendant JACOB BOGATIN caused a false and misleading EIDL loan application to be submitted to the SBA, seeking approximately $150,000 in EIDL loan funds plus a $10,000 advance. The EIDL application contained purported income data and documentation regarding the business that, if true and accurate, would have supported the requested loan. Defendant BOGATIN signed the application under the name

2

of Person No. 1 and falsely certified that the application was true and accurate.

8. After the SBA approved the application, on or about May 15, 2020, and June 15, 2020, the SBA deposited a total of approximately $152,900 into a TD Bank account owned or controlled by defendant JACOB BOGATIN. Thereafter, defendant BOGATIN used the funds for personal and unauthorized expenses including payments for the benefit of other businesses owned or controlled by defendant BOGATIN and Person No. 1, including businesses that had also received funding from the SBA's EIDL program.

9. From on or about May 14, 2020, to on or about June 22, 2020, in the Eastern District of Virginia, and elsewhere, defendant

**JACOB BOGATIN**

knowingly stole and converted to his use or the use of another money or a thing of value of the United States in an amount over $1,000, specifically, EIDL funds of approximately $152,900 under the care of the SBA.

In violation of Title 18, United States Code, Section 641.

<u>**COUNT TWO**</u>

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT**:

At all times material to this information:

1. Paragraphs 1 through 6 of Count One are incorporated here.

2. On or about June 12, 2020, defendant JACOB BOGATIN caused a false and misleading EIDL loan application to be submitted to the SBA, seeking approximately $150,000 in EIDL loan funds plus a $10,000 advance. The EIDL application contained purported income data and documentation regarding the business that, if true and accurate, would have supported the requested loan. Defendant BOGATIN signed the application under the name of Person No. 2, his former business partner, and falsely certified that the application was true and accurate.

3. After the SBA approved the application, on or about June 23, 2020, and June 30, 2020, the SBA deposited a total of approximately $157,900 into a TD Bank account owned or controlled by defendant JACOB BOGATIN. Thereafter, defendant BOGATIN used the funds for personal and unauthorized expenses including payments made to another business owned or controlled by defendant BOGATIN, which business had also received funding from the SBA's EIDL program.

4. From on or about June 12, 2020, to on or about July 1, 2020, in the Eastern District of Virginia, and elsewhere, defendant

**JACOB BOGATIN**

knowingly stole and converted to his use or the use of another money or a thing of value of the United States in an amount over $1,000, specifically, EIDL funds of approximately $157,900 under the care of the SBA.

In violation of Title 18, United States Code, Section 641.

## COUNT THREE

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT**:

At all times material to this information:

1. Paragraphs 1 through 6 of Count One are incorporated here.

2. On or about June 18, 2020, defendant JACOB BOGATIN caused a false and misleading EIDL loan application to be submitted to the SBA, seeking approximately $150,000 in EIDL loan funds plus a $10,000 advance. The EIDL application contained purported income data and documentation regarding the business that, if true and accurate, would have supported the requested loan. Defendant BOGATIN signed the application under the name of Person No. 3 and falsely certified that the application was true and accurate.

3. After the SBA approved the application, on or about June 19, 2020, and June 22, 2020, the SBA deposited a total of approximately $159,500 into a Univest bank account owned or controlled by defendant JACOB BOGATIN. Thereafter, defendant BOGATIN used the funds for personal and unauthorized expenses including repaying family members for purported loans made to him years earlier.

4. From on or about June 18, 2020, to on or about July 3, 2020, in the Eastern District of Pennsylvania, and elsewhere, defendant

### JACOB BOGATIN

knowingly stole and converted to his use or the use of another money or a thing of value of the United States in an amount over $1,000, specifically, EIDL funds of approximately $159,500 under the care of the SBA.

In violation of Title 18, United States Code, Section 641.

6

<u>**COUNT FOUR**</u>

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT**:

1. Paragraphs 1 through 6 of Count One are incorporated here.

2. On or about June 20, 2020, defendant JACOB BOGATIN caused a false and misleading EIDL loan application to be submitted to the SBA, seeking approximately $150,000 in EIDL loan funds plus a $10,000 advance. The EIDL application contained purported income data and documentation regarding the business that, if true and accurate, would have supported the requested loan. Defendant BOGATIN signed the application under the name of Person No. 3 and falsely certified that the application was true and accurate.

3. After the SBA approved the application, on or about June 30, 2020, and July 7, 2020, the SBA deposited a total of approximately $159,500 into a Citizen Bank account owned or controlled by defendant JACOB BOGATIN. Thereafter, defendant BOGATIN used the funds for personal and unauthorized expenses including payments for the benefit of other businesses owned or controlled by defendant BOGATIN, including businesses that had also received funding from the SBA's EIDL program.

4. From on or about June 30, 2020, through on or about November 13, 2020, in the Eastern District of Pennsylvania, and elsewhere, defendant

**JACOB BOGATIN**

knowingly stole and converted to his use or the use of another money or a thing of value of the United States in an amount over $1,000, specifically, EIDL funds of approximately $159,500 under the care of the SBA.

In violation of Title 18, United States Code, Section 641.

## NOTICE OF FORFEITURE

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

1.     As a result of the violations of Title 18, United States Code, Section 641 set forth in this information, defendant

**JACOB BOGATIN**

shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to a commission of such violations, including but not limited to $962,400 in United States currency.

2.     If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

a.     cannot be located upon the exercise of due diligence;

b.     has been transferred to, sold to, or deposited with a third party;

c.     has been placed beyond the jurisdiction of this Court;

d.     has been substantially diminished in value; or

e.     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C).

Salvatore L. Astolfi  for
**DAVID METCALF**
**UNITED STATES ATTORNEY**

*No.*_ _ _ _ _ _ _ _ _

**UNITED STATES DISTRICT COURT**

Eastern District of Pennsylvania

Criminal Division

**THE UNITED STATES OF AMERICA**

**vs.**

**JACOB BOGATIN**

**INFORMATION**
Counts
18 U.S.C. § 641 – theft of government
money – 4 counts
Notice of Forfeiture

A true bill.

_____
Foreman

Filed in open court this _____day,
Of _____A.D. 20_____

_____
Clerk

Bail, $_____